IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

JOSE ROBERTO SALAZAR-
ORELLANA,

        Defendant.

1:11-cr-32-WSD-1

## OPINION AND ORDER

This matter is before the Court on the Government's post-sentencing Motion for Reduction of Sentence Based on Substantial Assistance [11].

### I. BACKGROUND

On February 2, 2011, Defendant Jose Salazar-Orellana ("Defendant") was charged in a two count criminal Information. In Count One of the Information, he was charged with a Hobbs Act robbery, in violation of 18 U.S.C. § 1951. In Count Two, he was charged with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). After pleading guilty to both counts pursuant to a plea agreement, on March 2, 2012, Defendant was sentenced to 121 months on Count One and 84 months on Count Two, for a total sentence of 205 months. The sentence was within the advisory guidelines

range recommendation, but was 35 months less than the 240 month sentence to which Defendant the Government agreed in the plea agreement.

Defendant's plea agreement provided a cooperation provision. Consistent with it, Defendant cooperated with the Government in an investigation of the MS-13 gang, of which Defendant was a member. His cooperation included testifying in three (3) criminal trials. The Government "believes that Mr. Salazar-Orellana's testimony played a part in securing" the Racketeering Influenced Criminal Organization ("RICO") convictions in these cases and thus moves under Rule 35 for a reduction of the sentence imposed on Defendant at the March 2, 2012, sentencing hearing.

The parties agree that Defendant's sentence should be reduced. The Government recommends a reduction of 60 months. Defendant recommends that his sentence be reduced by 84 months. His argument for a more generous reduction focuses on the expectation that Defendant "will face fear of retribution for the rest of his life" as a result of his cooperation against other MS-13 members. He notes MS-13's reputation for violence and cites an example of a cooperating witness who was murdered by MS-13. Defendant also generally discusses the heightened level of violence in El Salvador, Defendant's native country to which he may be deported.

Defendant also argues that sentence reductions for other defendants who assisted in the "prosecution of *Alvarado-Linares*," that were granted by another judge in our District, were more generous than what the Government requested in those cases. The Court, of course, is not aware of the circumstances of these other cases or the sentencing judge's evaluation of them in deciding the sentences he imposed.

## II. DISCUSSION

In evaluating the Government's Motion for Reduction of Sentence under Rule 35(b) based on Defendant's substantial assistance, the Court considers U.S.S.G. § 5K1.1, which provides:

> (a) The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:
>
> (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
>
> (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
>
> (3) the nature and extent of the defendant's assistance;
>
> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; and
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1; see also United States v. Livsay, 525 F.3d 1081, 1091-1092 (11th Cir. 2008); United States v. Luiz, 102 F.3d 466, 469 (11th Cir. 1996).

Applying these criteria and considering the representations made by the Government in its motion, the Court concludes that a sentence reduction is appropriate.  The Court finds that Defendant's assistance was helpful.  The Court has read the testimony offered by Defendant in United States v. Espinoza, United States v. Alvarado-Linares, and United States v. Marroquin-Lopez, the three cases in which Defendant testified.  This review confirmed that the testimony was helpful, including on the interstate commerce issue and, in one case, in giving context for conduct similar to that in which the defendant in that trial was alleged to have engaged.  The Court also finds that Defendant's trial testimony appears to have been truthful and reliable, and rendered in a timely way.  Finally, the Court believes Defendant's testimony was offered knowing there was a risk to Defendant for his cooperation.  Undoubtedly, a reduction is appropriate.

The question now is the degree of the reduction.  Defendant was sentenced below the 240 months agreed to by the parties in the plea agreement.  The sentence imposed was within the advisory guideline range and, in imposing the sentence, the Court recognized Defendant's offer to assist in the investigation and that was a

factor considered.  The question is how far now to go in granting further sentencing relief.

Considering the information submitted by the parties, the nature and scope of Defendant's cooperation, the risk involved in cooperating and the argument of counsel in their memoranda, the Court concludes that a sentence reduction of sixty (60) months is appropriate in this case.  Having considered the Section 5K1.1 factors, the Court determines that this is the fair, reasonable reduction that shall be granted in this case.

### III.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Government's Motion for Reduction of Sentence Based on Substantial Assistance [11] is **GRANTED** and Defendant's period of confinement is hereby **REDUCED** by **SIXTY (60) MONTHS.**  All other aspects of Defendant's sentence shall remain the same.

**SO ORDERED** this 29th day of July, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE